1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 PABLO G. FLORES,                                    Case No.  24-cv-02238-SVK

8                          Plaintiff,

9            v.                                       **ORDER GRANTING LEAVE TO FILE
                                                     AN AMENDED COMPLAINT**
10 EDWARD J. BORLA, et al.,

11                          Defendants.

12 **INTRODUCTION**

13          Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. §

14 1983 against the following officials at the California Training Facility ("CTF"): Warden Edward J.

15 Borla and Correctional Officers K. Garzon, A.S. Mendes, G. Oropeza, A. Martinez, M. Sanchez,

16 E. Santillan, and A. Avila.  Plaintiff's application to proceed *in forma pauperis* is granted in a

17 separate order.  For the reasons explained below, Plaintiff has not stated a cognizable claim for

18 relief, and he is granted leave to file an amended complaint.

19 **STANDARD OF REVIEW**

20          Federal courts must engage in a preliminary screening of cases in which prisoners seek

21 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

22 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

23 the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

24 may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

25 § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

26 F.2d 696, 699 (9th Cir. 1990).

27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

28 claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

United States District Court
Northern District of California

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges he was assaulted and severely injured by another inmate at CTF.  The assault took place on April 7, 2022, and then Plaintiff went to a clinic and outside hospital for treatment of his injuries.  He was disciplined in a Rules Violations Report ("RVR") on April 27, 2022.

The complaint does not allege any of the Defendants had knowledge that the attacker presented a risk of harm to Plaintiff, however.  Such knowledge is required to establish a prison official's deliberate indifference, an essential element of an Eighth Amendment claim for failure to protect an inmate from violence at the hands of another inmate. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  He alleges Defendants Mendez, Oropeza, and Sanchez learned of the assault when they saw his injuries, after the assault occurred.  (ECF No. 7 at 9, 10.)  He alleges he told Defendant Santillan with Defendant Avila "present" when Santillan investigated the assault for purposes of the RVR (*id.* at 10), which also occurred after the assault took place.  He also alleges the attacker has "a reputation" for being "abusive and violent towards [v]ulnerable inmates."  (*Id.* at 12.)  However, there is no allegation as to which, if any, Defendants knew before the assault took place (1) of this reputation and that this reputation had a likelihood of being well-founded, or

United States District Court
Northern District of California

(2) that the attacker had previously assaulted Plaintiff or any other inmate.  Consequently, the complaint does not state a cognizable Eighth Amendment claim against Defendants for deliberate indifference to his safety.

The complaint makes no allegations whatsoever against Defendants Borla, Garzon, or Martinez.  "A plaintiff must allege facts . . . that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  To state a cognizable claim against Defendants Borla, Garzon, and Martinez, Plaintiff must allege facts showing how they were involved in causing him to be assaulted by another inmate, as well as how they were deliberately indifferent to his safety under *Farmer*.

Plaintiff will be granted leave to file an amended complaint to cure the deficiencies in his claims.

## CONCLUSION

For the foregoing reasons,

1.  Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 24-2238 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order may result in dismissal of this case.</u>

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he

3

may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: May 24, 2024

Susan van Keulen
United States Magistrate Judge